1

2

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8
Kenneth Eugene Shatzer,                )      No. CV-13-08001-PCT-SLG (SPL)
9                                        )
                                         )
10              Petitioner,               )      **REPORT AND RECOMMENDATION**
                                         )
11    vs.                                )
                                         )
12                                        )
     Charles L. Ryan, et al.,            )
13                                        )
                                         )
14              Respondents.             )
                                         )
15   _____ )

16   TO THE HONORABLE SHARON L. GLEASON, UNITED STATES DISTRICT JUDGE:

17           Petitioner Kenneth Eugene Shatzer, who is confined in the Central Arizona

18   Correctional Facility, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28

19   U.S.C. § 2254 (Doc. 1). For the reasons that follow, the Court recommends that the

20   petition be denied and dismissed.

21                          **BACKGROUND**

22           On November 14 2008, Petitioner was indicted by a grand jury in the Yavapai

23   County Superior Court ("Superior Court"), Case No. CR 20081396, charging him with

24   one count (Count I) of child molestation, in violation of A.R.S. § 13-1410, and ten counts

25   (Counts II - XI) of sexual exploitation of a minor, in violation of A.R.S. § 13-3553. (Doc.

26   12-1, Exh. A.) Each count of the indictment was charged as subject to enhanced

27   punishment under A.R.S. § 13-604.01,[1] as a dangerous crime against children.  (*Id.*) On

28   _____
     [1]        Renumbered as A.R.S. § 13–705, Laws 2008, Ch. 97, § 1, Ch. 195, § 1.

November 20, 2008, Petitioner was additionally charged by information in the Superior Court, Case No. CR 20081417, for one count of misconduct involving weapons (prohibited possessor), in violation of A.R.S. § 13-3102. (Doc. 12-1, Exh. B.) Pursuant to a plea agreement, on June 8, 2009, Petitioner pled guilty to one count of child molestation, one count of sexual exploitation of a minor, two amended counts of attempted exploitation of a minor, and one count of misconduct involving weapons (as a prohibited possessor). (Doc. 12-1, Exhs. D-F.) In exchange for his plea, the remaining counts in the indictment were dismissed. On July 6, 2009, the Superior Court sentenced Petitioner to a 10-year term of imprisonment for the count of child molestation, a consecutive 10-year term of imprisonment for the count of sexual exploitation of a minor, and lifetime probation with sex offender conditions for the remaining counts. (Doc. 12-1, Exh. H, I.)

On August 19, 2009, Petitioner filed a Notice of Post-Conviction Relief in the Superior Court (Doc. 12-1, Exh. K), and counsel was appointed to represent him (Doc. 12-1, Exh. L). Upon review of the record, counsel filed a notice to the Superior Court that he found no issues upon which to base a claim for relief, and requested an extension of time for Petitioner to file a Petition for Post-Conviction Relief in propria persona. (*Id.*) The Superior Court ordered counsel to remain in an advisory capacity and granted Petitioner 45 days in which to file a petition. (Doc. 12-1, Exh. O.) Petitioner filed a Pro Per Petition for Post-Conviction Relief on January 14, 2010, in which he raised one grounds for relief:

> The trial court erred when it sentenced [Petitioner] under A.R.S. § 13-604.01 in violation of statutory instruction. This error violated [Petitioner's] due process guarantees of the state and federal constitutions as well as his state and federal rights not to be excessively punished.

(Doc. 12-1 at 130, Exh. P.)

On January 22, 2010, the Superior Court issued an order dismissing Petitioner's post-conviction relief petition as follows:

2

The Defendant on August 19, 2009 filed his Notice of Post-Conviction Relief…

The Court granted Defendant's request for appointment of counsel on the Rule 32 matter. David Stoller, Esq. was appointed to represent Defendant. Counsel for Defendant, in a motion dated on December 21, 2009 filed a Notice of Completion pursuant to Rule 32. Counsel for Defendant concurrently filed a Motion to Withdraw and Motion for Leave for Defendant to File a Supplemental Memorandum.

The Court granted the Motion to withdraw and on January 6, 2010 granted leave for Defendant to file a supplemental memorandum, giving the Defendant forty-five days to file a supplement if he desired. The Defendant, in pro per, did file a supplemental petition dated January 12, 2010; this was filed on January 14, 2010. The matter appears ripe for determination.

Legal analysis:

The Court has reviewed the petition and grounds for relief asserted.

The Defendant alluded in his post-conviction relief notice to a possibility of ineffective assistance of counsel.  In order to state any colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674 (1984); *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985).  A colorable claim of post-conviction relief is "one that, if the allegations are true, might have changed the outcome." *State v. Runningeagle*, 176 Ariz. 59, 63, 859 P.2d 169, 173 (1993). The Defendant has not shown any effect on the outcome.

The Court finds that the sentence was within the legal range. There was a factual basis for the plea.  There was no evidence of compulsion, duress or coercion in entry of the Plea Agreement.  The Defendant appeared competent at the time of entry of the Plea Agreement.

The Plea Agreement provided that the precise sentence was in the discretion of the Court (on Plea Agreement, paragraph 8) within the range provided by law (see Plea Agreement, paragraph 1).

The Defendant has not shown manifest injustice which might permit the withdrawal from the Plea Agreement or withdrawal of the guilty plea.

The Court finds no colorable claim in connection with this petition. Much of what Defendant complains of is the alleged aggravation of sentence. The Court observes that mitigated sentences were, in fact, given.  There was no enhancement of

sentence.

Conclusion:

The Court finds that the Defendant has failed to present a colorable claim for relief in his Petition for Post-Conviction Relief and that this matter is subject to dismissal without further hearing.

IT IS ORDERED therefore that the Defendant's Notice for Post-Conviction Relief is DISMISSED.

(Doc. 12-1, Exh. Q.) Petitioner filed a Petition for Review in the Arizona Court of Appeals on February 10, 2010. (Doc. 12-2, Exh. R.) Petitioner raised four grounds for relief:

Did the Court impose an illegal sentence, tantamount to four consecutive sentences, contrary to law, on [Petitioner] when it enhanced his sentence to A.R.S. § 13-604.01 absent the necessary elements or allegations to enhance within the Plea Agreement as required by statute and state and federal constitutions?

Did the Court shift the burden of proof to the [Petitioner] to prove his innocence of the conduct necessary to enhance the sentence to A.R.S. § 13-604.01, when the Plea Agreement lacked any element for enhancement?

Was the [Petitioner] denied his constitutional right to the effective assistance of counsel, when his counsel failed to object to the imposition of an illegal enhancement to his sentence?

Did the Court impose excessive punishment, when it enhanced [Petitioner's] sentence 15 years beyond the presumptive sentence of A.R.S. § 13-701 without the element to enhance his sentence?

(Doc. 12-2 at 4, 6, Exh. R.) On July 8, 2011, the Arizona Court of Appeals summarily denied review. (Doc. 12-2, Exh. U.)  Petitioner filed a Petition for Review in the Arizona Supreme Court (Doc. 12-2, Exh. V), which was summarily denied on January 4, 2012 (Doc. 12-2, Exh. X).

On January 2, 2013, Petitioner timely filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), a Memorandum in Support (Doc. 2), and subsequently, an Affidavit (Doc. 10). Respondents filed an Answer. (Doc. 12.) No reply

has been filed, and the time to do so has expired.

## DISCUSSION

In the petition, Petitioner raises three grounds for relief:

> Ground One: The trial court failed to recognize that the Petitioner did not understand the nature of the accusation against him, a Sixth Amendment violation of the U.S. Constitution, and assumed critical elements of the crime (intentional and knowing conduct), even though the elements were absent and where no factual basis existed, a violation of Due Process under the Fifth and Fourteenth Amendments of the U.S. Constitution.

> Ground Two: The trial counsel substantially violated his essential duty for failing to object when the court failed to comply with Ariz. R. of Crim. P., Rule 17.2.a. by not advising the Petitioner of the elements of his charge and when the court imposed an enhanced sentencing statute, in violation of the Sixth, Fifth, and Fourteenth Amendments of the U.S. Constitution.

> Ground Three: Petitioner was sentenced to an illegal sentence in excess of the maximum allowed by law due to the court's failure to comply with Rule 17.2.a. in violation of the Eighth Amendment of the U.S. Constitution.

(Doc. 1.) In their answer, Respondents argue that Petitioner failed to exhaust his claims and they are procedurally barred from review. Respondents further argue that Grounds One and Three fail on the merits. For the reasons that follow, the Court agrees with Respondents and finds that Petitioner's claims are procedurally barred from review and alternatively, fail on the merits.

## I.      Applicable Law

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] 28 U.S.C. § 2244.

---

[2]      The AEDPA applies only to those cases that were filed after its effective date, April 24, 1996. *See Lindh v.* Murphy, 521 U.S. 320, 326-27 (1997).

5

## A.      Standard for Habeas Relief

Under AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless it:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

It follows that, "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784 (2011). In applying this standard, the federal habeas court reviews "the last reasoned state court decision addressing the claim in question." *Henry v. Ryan*, 720 F.3d 1073, 1078 (9th Cir. 2013); *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005). A state court decision adjudicated a claim "on the merits" where it resolved the substance of the claim rather than relied on a procedural or other non-substantive ground. *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004). *But see Johnson v. Williams*, __ U.S. __, 133 S.Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted."). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief" under 28 U.S.C. § 2254(d). *Harrington*, 131 S.Ct. at 784. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Under 28 U.S.C. § 2254(d)(1), "clearly established Federal law" refers to holdings

of the Supreme Court in effect at the time the state court rendered its decision. *Greene v. Fisher*, __ U.S. __, 132 S.Ct. 38, 44 (2011); *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003); *Thaler v. Haynes*, 559 U.S. 43, 47 (2010) ("A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of this Court."). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an "unreasonable application of" federal law if the court identifies the correct legal rule, but applies that rule to the facts of a particular case in an objectively unreasonable manner. *Williams*, 529 U.S. at 407-408; *Lockyer v*, 538 U.S. at 75. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786-87.

Under 28 U.S.C. § 2254(d)(2), "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003). *See Maxwell v. Roe*, 628 F.3d 486, 500 (9th Cir. 2010), *cert. denied,* __ U.S. __, 132 S.Ct. 611 (2012); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004). A federal court in a habeas corpus proceeding must accord a presumption of correctness to a state court's factual findings. 28 U.S.C. § 2254(e)(1). However, "where the state courts plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim, that misapprehension can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable."

*Milke v. Ryan*, 711 F.3d 998, 1008 (9th Cir. 2013) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).

With regard to either exception under § 2254(d), "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, ___ U.S. ___, 131 S.Ct. 13, 16 (2010) (original emphasis) (quoting 28 U.S.C. § 2254(a)). In other words, federal habeas corpus relief is not available for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Federal courts accept a state court's interpretation of state law "and alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). A habeas petitioner also cannot "transform a state law issue into a federal one by merely asserting a violation of due process." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (quoting *Langford*, 110 F.3d at 1389). "[T]he Supreme Court has long settled that the Fourteenth Amendment does not assure immunity from judicial error or uniformity of judicial decisions." *Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006).

### B. Exhaustion and Procedural Bar

A federal court may not grant habeas relief under AEDPA if the petitioner has failed to exhaust his claim in state court. 28 U.S.C. § 2254(b)(1) & (c)*; see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). "[A] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

First, a petitioner must present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 848. A petitioner "must give

the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "[C]laims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them" either on direct appeal or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Second, if a petitioner fails to invoke the required procedure, exhaustion is not satisfied even if the petitioner raises the claim through an alternative procedure. *See e.g., Roettgen,* 33 F.3d at 38 (holding that petitioner failed to exhaust state remedies when he presented claim in the state habeas petition instead of Arizona Rule 32 post-conviction proceeding).

In addition to presenting a claim in the proper forum and vehicle, to satisfy the exhaustion requirement, "a petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" *Gulbrandson v. Ryan*, 711 F.3d 1026, 1041 (9th Cir. 2013) (quoting *Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009). *See also Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc).  In presenting the factual basis of a claim, a petitioner need not present "every piece of evidence supporting his federal claims," but must "provide the state court with the operative facts, that is, all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (internal quotation marks and citation omitted); *Baldwin v. Reese,* 541 U.S. 27, 28 (2004). In presenting the legal basis of a claim, a petitioner must alert the state court to the fact that he is asserting a federal claim and cite to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000) ("Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal

law") *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (finding "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial" is insufficient); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (finding a mere reference to the "Constitution of the United States" does not preserve a federal claim).

If a petitioner fails to fairly and fully present his federal claim in state court, and returning to state court would be "futile" because the state courts' procedural rules would bar consideration of the claim, the claim is procedurally defaulted and is barred from federal review. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). *See State v. Mata*, 916 P.2d 1035, 1048-53 (Ariz. 1996); Ariz. R. Crim. P. 32.2(a) & (b); 32.1(a)(3) (post-conviction review is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)). This type of procedural default is known as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

A claim may also be procedurally defaulted and barred from federal review if it was actually raised in state court, but found by that court to be defaulted on an adequate and independent state procedural ground, such as waiver or preclusion. *Beard v. Kindler*, 558 U.S. 53 (2009); *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991). Arizona courts have been consistent in their application of procedural default rules. *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding that Ariz. R. Crim. P. 32.2(a) is an adequate and independent procedural bar); *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) ("Arizona Rule of Criminal Procedure 32.2(a)(3) is independent of federal law and has

been regularly and consistently applied, so it is adequate to bar federal review of a claim."); *Cook v. Schriro*, 538 F.3d 1000, 1026 (9th Cir. 2008).

A procedurally defaulted claim may not be barred from federal review "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones*, 691 F.3d at 1101 (quoting *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546). *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook*, 538 F.3d at 1027 (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook*, 538 F.3d at 1028 fn. 13.

Lastly, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy

eye-witness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

## II.   Petitioner's Claims

### A.   Exhaustion and Procedural Default

Petitioner failed to fairly and fully present his federal habeas claims to the state court and therefore, are they are barred from review. In his state *pro per* post-conviction relief petition, Petitioner presented one claim in which he argued that he was deprived of notice of the conduct necessary to enhance his sentence pursuant to A.R.S. § 13-604.01, and he was entitled to a jury determination as to the elements of that enhancement. (Doc. 12-1, Exh. P.) Comparatively here, Petitioner alleges that he was not informed of the nature of the charge of child molestation to which he pled guilty.

Although the constitutional basis of the claim presented to the Superior Court bares similarity to the claims in Grounds One and Three, it was "not sufficient to give a 'fair opportunity' to the [Superior Court] to decide" them. *Cook*, 538 F.3d at 1029 (citing *Peterson v. Lampert*, 319 F.3d 1153, 1159 (en banc) (9th Cir. 2003).[3] "'[M]ere similarity' between [the] state claim presented in state court and the federal claim made in th[is] habeas petition does not suffice to avoid procedural default." *Peterson*, 319 F.3d at 1159-60 (citing *Hiivala,* 195 F.3d at 1106 (9th Cir. 1999)); *see also Beaty*, 303 F.3d at 989-90 ("While new factual allegations do not ordinarily render a claim unexhausted, a petitioner may not "fundamentally alter the legal claim already considered by the state courts") (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986)).

Further, while Petitioner checked the box indicating that he would raise a claim of ineffective assistance of counsel in his post-conviction relief notice (Doc. 12-1, Exh. K), he did not present the claim in his *pro per* petition. *See Gulbrandson v. Ryan*, 711 F.3d

---

[3]      Because Petitioner did not fairly present his claims to the Superior Court in the first instance, the new claims presented on appeal did not invoke a presumption that they were adjudicated on the merits by the Arizona Court of Appeals. *See Johnson v. Williams*, __ U.S. __, 133 S.Ct. 1088, 1096 (2013) ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted.").

1026, 1041 (9th Cir. 2013) ("a petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'") (quoting *Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009). Consequently, because Petitioner did not fairly present his ineffective assistance of counsel claim in Ground Two, Petitioner did not afford the state court an opportunity to decide it. This is evident by the Superior Court's decision citing that he had only "alluded in his post-conviction relief notice to the possibility of ineffective assistance of counsel."

A return to state court to present Petitioner's claims would be futile under Arizona's procedural rules. The time has passed to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure, and Petitioner has not shown that any of the exceptions under Rule 32.1 apply to him. *See* Ariz. R. Crim. P. 32.2(b). Therefore, because a return to state court would be futile, Petitioner's claims are technically exhausted and procedurally defaulted. Petitioner has not filed a reply and does not offer any reason to excuse the default, nor does the record plainly suggest otherwise.[4] Further, although Petitioner summarily maintains that the sentence he received is unjust, he does not demonstrate that failure to review the merits of his claims would result in a fundamental miscarriage of justice. Accordingly, Petitioner's claims are procedurally barred from review.

**B.    Merits**

Alternatively, the Court finds that Petitioner's claims fail on their merits. *See* 28 U.S.C. § 2254(b)(2); *Henry*, 720 F.3d at 1084 (court may deny the a habeas claim on the merits, even if petitioner failed to exhaust state remedies); *Runningeagle v. Ryan*, 686 F.3d 758, 777 fn. 10 (9th Cir. 2012); *Padilla v. Terhune*, 309 F.3d 614, 620-21 (9th Cir.

---

[4]    Because the Court considers and concludes that the claim fails of its merits, the Court does not resolve whether the procedural default of Petitioner's ineffective assistance of trial counsel claim should be excused under the framework set forth by *Martinez v. Ryan*, __U.S.__ 132 S.Ct. 1309, 1315 (2012). *See also Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013); *Clabourne v. Ryan*, __ F.3d __, 2014 WL 866382 (9th Cir. Mar. 05, 2014).

2002); *Gatlin v. Maddling*, 189 F.3d 882, 889 (9th Cir. 1999).

### (1)    Ground One - Character of Plea

In Ground One, Petitioner first argues that his guilty plea was not knowing, intelligent, and voluntary, because the Superior Court failed to explain the nature and the elements of the charge of child molestation, in violation of the Sixth Amendment.

"The Constitution requires that a plea be knowing, intelligent, and voluntary." *Loftis v. Almager,* 704 F.3d 645, 647 (9th Cir. 2012) (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). "The record must show that the defendant voluntarily relinquished his privilege against self-incrimination, his right to trial by jury and his right to confront his accusers, and that he understood the nature of the charges and the consequences of his plea." (*Id*.) (internal citations omitted). "Beyond these essentials, the Constitution 'does not impose strict requirements on the mechanics of plea proceedings.'" *Loftis*, 704 F.3d at 648 (quoting *United States v. Escamilla-Rojas*, 640 F.3d 1055, 1062 (9th Cir. 2011)). A challenge to the voluntary and intelligent character of a guilty plea is cognizable in federal habeas proceedings. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). However, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *See Tollett*, 411 U.S. at 267.

 "[W]hen determining whether a defendant's guilty plea was voluntary-in the sense that the defendant had 'real notice of the true nature of the charge against him' - a court can look to the formal charges as well as to the record for evidence that the trial judge or defense counsel explained 'the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.'" *Gautt v. Lewis*, 489 F.3d 993, 1009 fnt. 16 (9th Cir. 2007) (quoting *Henderson v. Morgan*, 426 U.S. 637, 645-47 (1976). *See also Bargas v. Burns*, 179 F.3d 1207, 1215 (9th Cir. 1999).  In looking to the formal charges, the charging document must "state the elements of an offense charged with sufficient clarity to apprise a defendant of what he must be prepared to defend

against.'" *Gautt*, 489 F.3d at 1003 (quoting *Givens v. Housewright*, 786 F.2d 1378, 1380 (9th Cir. 1986)). This requirement includes factors that enhance a sentence beyond the "statutory maximum." *Apprendi v. New Jersey*, 530 U.S. 466, 488–90 (2000). In looking to record of the plea, the state court is not required to "explain the elements of each charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

Under Arizona law, a person commits the crime of molestation of a child by intentionally or knowingly engaging in or causing a person to engage in sexual contact with a child who is under fifteen years of age, and is a class 2 felony. A.R.S. § 13-1410. "'Sexual contact' means any direct or indirect touching, fondling or manipulating of any part of the genitals..." A.R.S. § 13-1401(2). A.R.S. § 13-604.01 requires enhanced penalties for persons convicted of a "dangerous crime against children," which includes the crime of child molestation. The enhanced sentence carries a presumptive sentence of 17-years, a minimum sentence of 10-years, and a maximum sentence of 24-years. A.R.S. § 13–604.01. For the enhanced sentencing provision to apply, "the defendant's conduct must be focused on, directed against, aimed at, or target a victim under the age of fifteen." *State v. Williams*, 854 P.2d 131, 136 (Ariz. 1993).

In the instant case, the indictment reads, in relevant part:

<u>COUNT I</u>

On or about November 2, 2008, KENNETH EUGENE SHATZER, intentionally or knowingly engaged in sexual contact with [C.S.], a person under the age of 15 years, in violation of AR.S. §§ 13-1410 and 13-604.01, a class 2 felony, a dangerous crime against children.

(Doc. 12-1, Exh. A.) The indictment apprised Petitioner of the elements of child molestation and the sentencing enhancement with sufficient clarity. *See Gautt*, 489 F.3d at 1007 (the indictment "sufficiently put[] the [petitioner] on notice of the need to defend

15

against both statutes") (citing *Salinas v. United States*, 277 F.2d 914, 918 (9th Cir. 1960)).

Incorporating Count I of the indictment for child molestation, the plea agreement cites the statutory offense, the statutory definitions for the elements of the offense, and the sentencing statutes. The plea agreement also describes the consequences of entering a guilty plea to Count I. It reads, in relevant part:

> PLEA:    The Defendant agrees to plead <u>GUILTY</u> to:
>
> <u>CR 2008-1396</u>
>
> Count I of the Indictment: CHILD MOLESTATION, committed on or about November 2, 2008, in violation of A.R.S. §§ 13-1410, 13-1401, 13-604.01, 13-701, 13-702, 13-702.01, 13-801, a Class 2 felony.
>
> …
>
> Counts I and II of CR 2008–1396: Pursuant to A.R.S. § 13–604.01, each of these dangerous crimes against children carries a presumptive sentence of <u>17 years</u>; a minimum sentence of <u>10 years</u>; and a maximum sentence of <u>24 years</u>. Prison is mandatory.
>
> …
>
> For Counts I and II of CR 2008–1396, probation <u>is not</u> available.
>
> …
>
> As to Count(s) I and II of CR 2008–1396, Defendant must receive a flat-time sentence.
>
> …
>
> The sentence imposed on a person by the court for a dangerous crime against children… involving child molestation or sexual abuse pursuant… may be served concurrently with other sentences if the offense involved only one victim. The sentence imposed on a person for any other dangerous crime against children in the first or second degree shall be consecutive to any other sentence imposed on the person at any time, including child molestation and sexual abuse of the same victim.

(Doc. 12-1 at 15-17, Exh. D) The plea agreement provides that Petitioner read and understood the provisions of the plea agreement, and that he discussed his case with

16

counsel. (Doc. 12-1 at 22, Exh. D.) It further provides that Petitioner consented to judicial fact-finding by a preponderance of the evidence as to any aspect or enhancement of the sentence. (Doc. 12-1 at 22, Exh. D.)

During the plea proceeding, the Superior Court advised Petitioner of his rights and discussed the rights that he would be waiving by entering in to a plea agreement. (Doc. 12-1 at 26-33, Exh. E.) In response to the Superior Court's questioning during the plea colloquy, Petitioner affirmed that he had read the entire plea agreement, discussed the entire agreement with counsel, and believed that as a result of that review and discussion, he understood the agreement. (Doc. 12-1 at 34-35, Exh. E.) Petitioner responded affirmatively that he understood that "Counts I and II – would have to [] run consecutively" such that he faced a term of imprisonment of "20 to 81-and-a-half" years. (Doc. 12-1 at 41, Exh. E.) *See Little*, 449 F.3d at 1080 ("The essential ingredient is notice of the maximum possible penalty provided by law." (internal citation omitted).) Petitioner affirmatively and repeatedly responded that he had no unresolved questions and that he understood the terms of the plea agreement. (*See* Doc. 12-1 at 48-49, 51, Exh. E.) Petitioner further assented to a factual basis as follows:

> THE COURT: All right. Let's talk about, I guess, in terms of time, the child molestation count. That is alleging against you a contact with [C.S.]. Do you know a [C.S.]?
>
> THE DEFENDANT: Yes, I do.
>
> ...
>
> THE COURT: Okay. And did you know that she was a person under the age of 15 years as of November 2nd, 2008?
>
> THE DEFENDANT: Yes, I did.
>
> THE COURT: And did you intentionally or knowingly engage in some sexual contact with [C.S.]?
>
> THE DEFENDANT: Yes, sir, I did.
>
> …
>
> THE COURT: …You touched her vaginal area?

17

1
2
3

THE DEFENDANT: I touched her buttocks with pants on. As I was touching the lower part of her buttocks, my intentions were not to touch anything else, but since the areas are so close together, she presumes that I did, and I am willing to accept that.

4
5

THE COURT: So this is an indirect touching, in the sense that it was over the clothing, not skin to skin.

6

THE DEFENDANT: Yes, your honor.

7

 (Doc. 12-1 at 45, 54-55, Exh. E.)

8       Petitioner argues that his statements "regarding the *unintentional* touching of the

9   victim's vagina and *not remembering* the incident," evidence that he lacked an

10  appreciation of the nature of the charge against him. (Doc. 2 at 10) (emphasis in original).

11  *See Henderson*, 426 U.S. at 645 (plea may be found involuntary because the accused "has

12  such an incomplete understanding of the charge that his plea cannot stand as an

13  intelligent admission of guilt. Without adequate notice of the nature of the charge against

14  him, or proof that he in fact understood the charge, the plea cannot be voluntary in this

15  latter sense") (citing *Smith v. O'Grady*, 312 U.S. 329 (1941)); *Hayes v. Kincheloe,* 784

16  F.2d 1434, 1439 (9th Cir. 1986) (a guilty plea may be found involuntary where the record

17  shows that a petitioner "did not possess an understanding of 'the law in relation to the

18  facts'") (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).  Contrary to his

19  assertion, nothing in the record of his plea colloquy reasonably suggests that Petitioner

20  was confused, uninformed, or misunderstood the nature and elements of the child

21  molestation charge.

22      Petitioner did not dispute or question whether the victim was under the age of 15

23  at the time of the offense. Petitioner did not maintain that he accidentally touched the

24  victim. *See* A.R.S. § 13-105 (10)(a) ("intentionally" is defined as "a person's objective…

25  to engage in th[e] conduct" required by the statute). *Cf. Hayes,* 784 F.2d at 1439 (finding

26  defendant's plea was involuntary where he pled to second-degree murder after stating he

27  accidentally fired the gun). Nor did Petitioner contend at the time of the plea colloquy

28  that he did not indirectly touch the victim's genitals. *See State v. Mendoza*, __ P.3d __,

18

2014 WL 1007489, at *2 (Ariz. Ct. App. 2014) (child molestation "may be committed…
by the perpetrator indirectly touching the victim's genitals."); *State v. Pennington*, 717
P.2d 471, 472 (Ariz. Ct. App. 1985) (indirect touching includes touching through
clothing). Rather, Petitioner's plea colloquy demonstrates that he had a sufficient
appreciation of the elements and nature of the charge to which he pled. Petitioner
understood the *elements* of the charge, affirmatively responding that he "intentionally or
knowingly engage[d] in some sexual contact with [C.S.]." (Doc. 12-1 at 54, Exh. E.)
Petitioner understood the alleged *nature* of the act giving rise to the charge, specifically,
C.S.'s allegation that he intentionally touched her vagina. Petitioner affirmed during the
plea colloquy that because the area between the buttocks and the vagina "are so close
together," he was "willing to accept" the facts alleged by the victim. (Doc. 12-1 at 55,
Exh. E.)

Further, Petitioner's admission to being intoxicated at the time of the offense did
not signal a lack of understanding of the child molestation charge,[5] because intoxication
due to voluntary alcohol consumption is not a defense for any criminal act or requisite
state of mind. *See* A.R.S. § 13-503. While intoxication may serve as an affirmative
defense where a defendant contends that an act was not motivated by a sexual interest,
*see* A.R.S. § 13–1407(E), here, Petitioner did not contend that he touched the victim
innocently. *See State v. Simpson*, 173 P.3d 1027, 1031 (Ariz. Ct. App. 2007) (finding that
child molestation under A.R.S. § 13-1410 does not require proof of sexual interest;
rather, if defendant was not motivated by a sexual interest due to intoxication under

---

[5]     The transcript of the plea proceeding provides in relevant part:

    THE COURT: … The next—were you intoxicated at the
    time? I thought I had read something about that.

    THE DEFENDANT: Yes, your honor.

    THE COURT: So the precision of your touching may have
    been affected by the intoxication?

    THE DEFENDANT: I would say most certainly, sir.

(Doc. 12-1 at 55, Exh. E.)

A.R.S. § 13–1407(E) it can serve as an affirmative defense). Instead, Petitioner averred only that his alcohol consumption impacted the precision of his intentional sexual touching.

Petitioner's plea comported with due process standards, and there is nothing in the record to overcome the presumption that he pleaded voluntarily, knowingly, and intelligently. Therefore, Petitioner has not met his burden to show that there was no reasonable basis for the state court to deny relief based on the character of his plea. *See Harrington*, 131 S.Ct. at 784.

### (2)    Ground One - Factual Basis of Plea

Petitioner next argues in Ground One that his Fifth, Sixth and Fourteenth Amendment rights were violated when the Superior Court failed to adequately establish that there was a factual basis for his child molestation offense.[6]

"Among the requirements imposed on trial judges by rule - but not the Constitution - is the finding of a factual basis. Accordingly, habeas courts have held that, unless a plea is accompanied by protestations of innocence or other special circumstances, the Constitution does not require state judges to find a factual basis." *Loftis*, 704 F.3d at 648 (internal citations and quotations omitted). *See also Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985). Under the circumstances presented here, the Superior Court was not constitutionally required to find a factual basis for the plea. Nothing in record reflects that Petitioner protested his innocence *to the Superior Court at the time of his plea colloquy*. Rather, Petitioner admitted to intentionally touching the minor victim.  Accordingly, Petitioner has not met his burden to show that there was no reasonable basis for the state court to deny relief based on the factual basis presented during the plea colloquy. *See Harrington*, 131 S.Ct. at 784.

Having considered the record of conviction, the Court finds that Petitioner has

---

[6]    Petitioner additional asserts that the Superior Court violated Rule 17.3 of the Arizona Rule of Criminal Procedure, which requires a factual basis for guilty pleas. However, any challenge to whether the State complied with that rule is a question of state law and is not cognizable on federal habeas review. *See Little*, 449 F.3d at 1083.

failed to establish that his guilty plea violated his Fifth, Sixth, or Fourteenth Amendment rights. For these reasons, the Court finds that Petitioner's claim is without merit and fails to satisfy the high standard for habeas relief. The Court will therefore recommend that Ground One be denied.

### (3)   Ground Two – Ineffective Assistance of Counsel

In Ground Two, Petitioner argues that he was denied effective assistance of trial counsel. He argues that defense counsel failed to adequately explain to him the nature and material elements of the child molestation charge.

A defendant has the right to effective assistance of counsel when considering whether to accept or reject a plea offer. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). To prevail on an ineffective assistance of counsel claim under § 2254(d)(1), a petitioner must show that the state-court unreasonably applied the standard for ineffective-assistance-of counsel claims established by *Strickland v. Washington*, 466 U.S. 668 (1984). *Saesee v. McDonald*, 725 F.3d 1045, 1048 (9th Cir. 2013). Under *Strickland*, a petitioner must show: (1) deficient performance, in that counsel's representation fell below an objective standard of reasonableness; and (2) prejudice, in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88.  Applying *Strickland* in the plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58. *See also Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997); *Sexton v. Cozner*, 679 F.3d 1150, 1156 (9th Cir. 2012).

In the instant case, undoubtedly, Petitioner would prefer a lesser sentence than the one he received. However, nothing in the record persuades that counsel's performance was deficient or that had Petitioner been more fully informed of the nature of his changes and the terms of the plea offer, the outcome would have been different. Petitioner contends that he is innocent and he "did not touch [C.S.'s] vaginal area" (Doc. 10 at 2) (emphasis in original). He alternatively maintains that, even if the victim's statements

21

were accepted as true, he is innocent because he touched the victim's vagina *unintentionally*. (Doc. 2 at 12.) Petitioner contends that, but for his counsel's deficient performance, he would not have pled guilty to child molestation. He asserts:

> Over the period of seven months of plea negotiations, my attorney <u>NEVER</u> discussed my plea agreement with me other than telling me that the prosecution insisted that I receive at least 20 years. The only discussion between us about my plea agreement, took place two or three minutes before the Plea Hearing…
>
> He took me aside and said to me, "Now the Judge is going to ask you… if you touched her vaginal area[.] You will answer, yes.["] At that point, I said to him, "I am not going to say I did something that I didn't do!" His reply was, "If you don't say that, they will give you more than 20 years."

(Doc. 10 at 2.)

Petitioner's allegations concerning counsel's performance are less than convincing. Petitioner affirmed at the time of his plea that he had read the entire plea agreement, discussed the entire agreement with counsel, and understood the agreement. (Doc. 12-1 at 34-35, Exh. E.) Those "statements at the plea colloquy carry a strong presumption of truth." *Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012).[7] Petitioner did not request additional time to discuss his plea with counsel, nor is there any indication that he was coerced into entering the plea. Similarly, in the plea agreement, counsel affirmed:

> I have discussed this case with my client in detail and advised him/her of his/her constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I concur in the entry of the plea as indicated above and on the terms and

---

[7]    *See also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing]… constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ( "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."); *United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997) ("Any attempt to contradict the factual basis of a valid plea must fail."); *United States v. Anderson*, 993 F.2d 1435, 1438 (9th Cir. 1993) ("Statements made by a criminal defendant contemporaneously with his plea should be accorded great weight because solemn declarations made in open court carry a strong presumption of verity." (internal quotation marks and brackets omitted)).

1    conditions set forth herein.

2    (Doc. 12-1 at 23, Exh. D.) Petitioner has not filed a reply, and his petition only advances

3    that the plea colloquy is unreliable because he pled "assum[ing] and trust[ing] the legal

4    professionals involved knew what they were doing." (Doc. 10 at 2.)

5            Nonetheless, the record does not compel that different actions by counsel would

6    likely have resulted in a different or more advantageous outcome. "[W]here the alleged

7    error of counsel is a failure to advise the defendant of a potential affirmative defense to

8    the crime charged, the resolution of the 'prejudice' inquiry will depend largely on

9    whether the affirmative defense likely would have succeeded at trial." *Hill*, 474 U.S. at

10   59. Here, as noted above, a defense of voluntary intoxication would have been weak, at

11   best. A defense that Petitioner had only touched the victim's buttocks, and not her vagina

12   as she alleged, would have been equally weak. "In child molestation cases, the defendant

13   can be convicted on the uncorroborated testimony of the victim." *Mendoza,* 2014 WL

14   1007489, at * 2 (quoting *State v. Jerousek*, 590 P.2d 1366, 1373 (Ariz. 1979)). Further,

15   the record does not demonstrate that there is a reasonable probability that had counsel

16   better explained the elements of and defenses to the charge, Petitioner would not have

17   pled guilty and would have insisted on going to trial. Rather, the record illustrates that

18   Petitioner, aware of the victim's allegations, tactically accepted the plea offer;

19          Because I told the truth, I left no room for my lawyer… My
20          sentence does not fit the crime. Even though my attorney and
             I agreed to the plea, it was not because we thought it was a
21          fair plea, but because it was the best we were going to get.

22   (Doc. 12-1 at 77, Exh. G.) In exchange for entering into the plea, seven of the

23   indictment's ten counts of sexual exploitation of a minor were dismissed, and two were

24   reduced to attempted sexual exploitation of a minor. *Cf. United States v. Villalobos,* 333

25   F.3d 1070 (9th Cir. 2003) (finding plea involuntary where defendant was not informed of

26   an element which exposed him to a higher statutory maximum sentence than he would

27   have otherwise faced). Because Petitioner's suggested defense was unlikely to be

28   successful, and there is no evidence that Petitioner would have decided to proceed to trial

otherwise, he cannot establish prejudice.

Petitioner therefore does not assert a viable claim for ineffective assistance of counsel and has not met his burden to show that there was no reasonable basis for the state court to deny relief. *See Harrington*, 131 S.Ct. at 784. Accordingly, the Court will recommend that Ground Two be denied.

### (4)    Ground Three – Illegal Sentence

Lastly, in Ground Three, Petitioner alleges that he received an illegal sentence in violation of the Eighth Amendment due to those errors committed by trial counsel and the Superior Court. For the reasons above, Petitioner has not shown that his plea colloquy or the terms of his plea were "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Robinson v. Schriro*, 595 F.3d 1086 (9th Cir. 2010) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 779 (1990)). *See also Donnelly v. DeChristoforo,* 416 U.S. 637, 642, 643, (1974) (absent a specific constitutional violation, federal habeas review of state law error is limited to whether the error "so infected the trial with unfairness as to make the resulting conviction a denial of due process"). Therefore, the Court will recommend that Ground Three be denied.

### CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011)*; Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010). Based on the above analysis, the Court finds that Petitioner's claims are procedurally barred from review and alternatively fail on the merits. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 17th day of April, 2014.

Honorable Steven P. Logan
United States Magistrate Judge