IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

KENNETH EUGENE SHATZER,

      Petitioner,

vs.

CHARLES L. RYAN, et al.,

      Respondents.

Case No. 3:13-cv-08001-PCT-SLG(SPL)

## ORDER DISMISSING PETITION FOR HABEAS CORPUS

Before the Court is the Petition for Writ of Habeas Corpus ("Petition") filed on January 2, 2013 pursuant to 28 U.S.C. § 2254 by Petitioner Kenneth Eugene Shatzer.[1] On May 17, 2013, Respondents filed their Answer.[2] On April 17, 2014, Magistrate Judge Steven P. Logan issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed with prejudice and that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied.[3] On May 2, 2014, Mr. Shatzer

---

[1] Docket 1 (Pet.).

[2] Docket 12 (Answer).

[3] Docket 13 (R&R).

filed objections in the form of a Reply to the Report and Recommendation.[4]

For the reasons set forth herein, the Court accepts the Magistrate Judge's recommendation to deny the Petition and accordingly will dismiss the Petition with prejudice and deny a certificate of appealability and leave to proceed *in forma pauperis*.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 8, 2009, Mr. Shatzer pleaded guilty to one count of child molestation, one count of sexual exploitation of a minor, two counts of attempted exploitation of a minor, and one count of misconduct involving weapons.[5] On July 6, 2009, the Yavapai County Superior Court sentenced Mr. Shatzer to a 10-year term of imprisonment on the child molestation count and a 10-year term of imprisonment on the sexual exploitation of a minor count, to be served consecutively. Mr. Shatzer was sentenced to lifetime probation with sex offender conditions on the remaining counts.[6]

Mr. Shatzer filed a Notice of Post-Conviction Relief in the Arizona Superior Court on August 19, 2009.[7] After appointed counsel filed a notice to the Superior Court that he found no issues upon which to base a claim for relief,[8] Mr. Shatzer filed a Pro Per Petition for Post-Conviction Relief on January 14, 2010, asserting the following errors:

1. That the trial court imposed "an illegal sentence, tantamount to five consecutive sentences, contrary to law, on [Petitioner], when it enhanced his sentence [pursuant] to A.R.S. § 13.604.01 absent

---

[4] Docket 14 (Reply to R&R).

[5] Docket 12-1, Exs. D-F (Plea Agreement, Plea Hearing, Entry/Change of Plea).

[6] Docket 12-1, Exs. H & I (Sentencing Hearing and Judgment/Sentence).

[7] Docket 12-1, Ex. K (Notice of Post-Conviction Relief).

[8] Docket 12-1, Ex. N (Notice of Completion of File Review re Post-Conviction Relief).

  elements or allegations as required by statute and state and federal constitutions";[9] and

2. That the trial court imposed an "excessive punishment when it enhanced his sentence 15 years above the statutory maximum."[10]

In his briefing, Mr. Shatzer cited to the Fifth, Sixth, and Fourteenth Amendments with respect to the sentencing enhancement, as well as the Eighth Amendment with respect to his excessive punishment argument.[11]

On January 22, 2010, the Superior Court issued an order dismissing Mr. Shatzer's Petition for Post-Conviction relief.[12] Mr. Shatzer petitioned for review to the Arizona Court of Appeals, and again raised the federal constitutional arguments.[13] On July 8, 2011, that court summarily denied review.[14] Mr. Shatzer then filed a Petition for Review with the Arizona Supreme Court,[15] which was summarily denied on January 4, 2012.[16]

On January 2, 2013, Mr. Shatzer, appearing pro se, initiated this habeas action. In his Petition, Mr. Shatzer asserts three grounds for relief:

1. That his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments were violated because the trial court "failed to recognize that the Petitioner did not understand the nature of the accusation against him," and "assumed critical elements of the crime (intentional

---

[9] Docket 12-1, Ex. P (Pro Per Petition) at 130-35.

[10] Docket 12-1, Ex. P (Pro Per Petition) at 130, 136.

[11] Docket 12-1, Ex. P (Pro Per Petition) at 135-136.

[12] Docket 12-1, Ex. Q (Order Dismissing Petition for Post-Conviction Relief).

[13] Docket 12-2, Ex. R (Pet.) at 9,14.

[14] Docket 12-2, Ex. U (Order).

[15] Docket 12-2, Ex. V (Pet.).

[16] Docket 12-2, Ex. X (Order).

    and knowing conduct), even though the elements were absent and where no factual basis existed";[17]

2. That he received ineffective assistance of trial counsel because counsel failed to object when the trial court "failed to comply with Ariz. R. Crim. P., Rule 17.2.a. by not advising the Petitioner of the elements of his charge and when the court imposed an enhanced sentencing statute" in violation of Mr. Shatzer's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments"; [18] and

3. That his constitutional rights under the Eighth Amendment were violated when the trial court sentenced him "in excess of the maximum allowed by law due to the court's failure to comply with Rule 17.2.a."[19]

Respondents filed an Answer on May 17, 2013, asserting that Mr. Shatzer had failed to exhaust his claims such that they are procedurally barred from review. Respondents also asserted, alternatively, that Grounds One and Three fail on the merits.[20]

On April 17, 2014, the Magistrate Judge issued the Report and Recommendation.[21] The R&R concluded that Mr. Shatzer had not exhausted his state court remedies on any of his claims and, because he could no longer do so, the claims

---

[17] Docket 1 at 6 (Pet.).

[18] Docket 1 at 7 (Pet.).

[19] *Id.* at 8. Ariz. R. Crim. P. Rule 17.2.a provides a list of items, such as "the nature of the charge to which the plea is offered," of which the court must inform a defendant and must determine that the defendant understands before accepting a plea of guilty or no contest. Mr. Shatzer's Memorandum in Support of his Petition expands on this ground, asserting that his rights under the Eighth Amendment were also violated because Mr. Shatzer did not know the elements of the offense to which he pleaded guilty due to an "improper plea colloquy proceeding." Docket 11 (Pet.'s Mem.) at 14. He also asserts that the sentence was "in excess of the maximum sentence provided by law." *Id.*

[20] Docket 12 (Answer).

[21] Docket 13 (R&R).

were procedurally defaulted.[22]  In the alternative, the R&R analyzed each of Mr. Shatzer's three grounds for relief on the merits, and concluded that they each failed.[23]

Mr. Shatzer's Reply objecting to the R&R was filed on May 2, 2014.[24]  There, Mr. Shatzer stated that he "retract[s] the unexhausted claims," but continues to pursue his arguments as to the illegality of his sentence.[25]

## STANDARD OF REVIEW

In accordance with the provisions of 28 U.S.C. § 636(b)(1), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[26]  However, a district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[27]  But "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[28]  Additionally, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal

---

[22] *Id.* at 12-13.

[23] *Id.* at 13-24.

[24] Docket 14 (Reply to R&R).

[25] *Id.* at 1-2.

[26] 28 U.S.C. § 636(b)(1)(C).

[27] *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)(C)) (emphasis omitted).

[28] *Reyna-Tapia*, 328 F.3d at 1121.

conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[29]

## DISCUSSION

The Magistrate Judge found that Mr. Shatzer's federal constitutional arguments regarding ineffective assistance of counsel that were raised in Ground 2 and his arguments regarding the plea colloquy raised in Ground 1 were not exhausted, were procedurally defaulted, and failed on the merits.[30] Mr. Shatzer has not objected to these portions of the R&R's determination, and upon review, this Court accepts and adopts the Magistrate Judge's analysis on each of these topics.

Although the R&R concludes that none of Mr. Shatzer's claims had been properly exhausted, Mr. Shatzer nonetheless briefs certain claims in the Reply. Based upon that briefing, the Court will assume that, despite his stated retraction of unexhausted claims, Mr. Shatzer does not intend to withdraw Ground 3 of his Petition, which asserts that his constitutional rights under the Eighth Amendment were violated by the length of his sentence, or the portion of Ground 1 asserting violations of the Sixth and Fourteenth Amendments based on his assertion that the trial court enhanced his sentence absent a finding of the necessary elements.

Reading Mr. Shatzer's habeas petition and state court petition for post-conviction relief liberally,[31] the Court finds that these federal constitutional claims were adequately

---

[29] *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

[30] *See* Docket 13 (R&R) at 12-13.

[31] *See Erickson v. Pardus*, 557 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (internal quotation marks omitted)).

exhausted in the Arizona Superior Court and the Arizona Court of Appeals post-conviction proceedings, where Mr. Shatzer raised both his improper enhancement and excessive punishment claims, citing to the Fifth, Sixth, Fourteenth, and Eighth Amendments of the Constitution.[32]  Upon review of the briefing to the state courts, and contrary to the Magistrate Judge's determination, the Court finds that these specific claims are more than similar, albeit not identical, to those raised in the Petition before this Court.[33] And because the Court finds that these claims were presented to the state courts, there is a presumption that they were adjudicated on the merits in those courts.[34]

The Court will therefore review *de novo* the merits of Mr. Shatzer's assertion under federal constitutional law regarding the enhanced sentencing elements and assertion that the sentence violates the Eighth Amendment.

Mr. Shatzer asserts that the trial court "assumed critical elements of the crime . . . even though the elements were absent and where no factual basis existed" in violation of

---

[32] *Compare* Docket 12-1, Ex. P (Pro Per Pet. for Post-Conviction Relief) at 135-36 (asserting that the Fifth and Fourteenth Amendments of the U.S. Constitution were violated when Mr. Shatzer's sentence was enhanced absent the necessary elements and that as a result of that improper enhancement his Eighth Amendment rights were also violated) and Docket 12-2, Ex. R (Pet. For Review) at 9 & 14 (same) *with* Docket 1 (Pet.) at 6 (asserting violations of Fifth and Fourteenth Amendments) and Docket 1 (Pet.) at 9, Docket 2 (Mem.) at 14 (asserting violation of Eighth Amendment).

[33] Docket 13 (R&R) at 12.

[34] *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 784-85 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

his due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution.[35] His Reply to the R&R further refines this argument.

Many of Mr. Shatzer's arguments rely on Arizona statutes and the interpretation of Arizona precedent. Specifically, Mr. Shatzer asserts that his sentence was improperly enhanced because the trial court did not correctly apply the Arizona statute under which he was sentenced. He asserts that Arizona courts have interpreted A.R.S. § 13-705 (then § 13-604.01) to require an additional "triggering" element not present in his case without the additional elements required by Arizona precedents.[36] However, federal habeas relief is not available for errors of state law. Moreover, federal courts accept a state court's interpretation of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 131 S. Ct. 13, 16 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." (emphasis in original)); *Estelle v. McGuire*, 502 U.S. 62, 67-668 (1991).[37] And a petitioner cannot "transform a state-law

---

[35] Docket 1 (Pet.) at 6; Docket 2 (Def.'s Mem.) at 5-12.

[36] Docket 14 at 7-9 (Reply to R&R). Mr. Shatzer also expresses a concern in his Reply that the Respondents, whom he refers to as the "Magistrate Respondent," confuse the statute under which he was sentenced when they note, on pages 31-32 of their Answer at Docket 12, that whether Mr. Shatzer had ever previously molested a child is irrelevant because he was sentenced as a first offender. *See* Docket 14 at 16-17 (Reply to R&R). The Court observes that the Respondents were not disputing that Mr. Shatzer was sentenced under A.R.S. § 13-705, but rather were responding to Mr. Shatzer's point that he had committed no similar offenses.

[37] Mr. Shatzer's Reply cites to two U.S. Supreme Court decisions that pre-date the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, under which he brings his claims. *See* Docket 14 at 12 (Reply to R&R). These cases are unavailing. *Specht v. Patterson*, 386 U.S. 605 (1967) held that a defendant could not be, consistent with the Equal Protection and Due Process clauses of the federal Constitution, sentenced under a separate law which required a finding of fact that was not an ingredient of the offense charged. *Specht* is not applicable here because Mr. Shatzer admitted during his plea colloquy the elements used to determine his sentence. In *Mullaney v. Wilbur*, 412 U.S. 684 (1975), the Supreme Court held that due process required that the prosecution carry the burden of proving the absence of heat of passion in a homicide case.

issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). The Court, therefore, will not consider Mr. Shatzer's claims regarding the sentencing court's improper application of Arizona state court precedent.

With regard to Mr. Shatzer's assertion that his punishment is excessive, the Court acknowledges both Mr. Shatzer's and the trial court's conclusion that the sentencing statute at issue here is "[d]raconian."[38] Mr. Shatzer's objection to the R&R's analysis on this ground, however, is limited to his assertion that his sentence is excessive because the trial court misapplied Arizona precedents.[39] As noted above, these arguments are not cognizable in a federal habeas action.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Report and Recommendation filed April 17, 2014 is accepted to the extent it finds that Ground Two and the Sixth Amendment violation alleged in Ground One of Mr. Shatzer's Petition were not exhausted.

---

Again, this decision is not applicable here, where Mr. Shatzer admitted the facts required for his sentence at his plea hearing. *See* Docket 12-1 at Ex. E (Plea Hearing) at 54-55.

[38] Docket 12-1, Ex. H (Judgment of Guilt and Sentencing) at 93 ("[T]he sentencing for the type of offense that we're dealing with here is Draconian, under the best of circumstances. It's very harsh. I don't find it rising to the level of a violation of the United States or Arizona Constitutions with regard to cruel and unusual punishment . . . .").

[39] Docket 14 at 20 (Reply to R&R). Even if the Petition were construed to properly raise a claim of excessive punishment under the Eighth Amendment, there is no basis for so holding. *Cf. Lockyer v. Andrade*, 538 U.S. 63 (2003) (holding that sentence of life in prison for theft of video tapes, pursuant to California's Three Strikes law, did not violate clearly established federal law interpreting the Eighth Amendment of the U.S. Constitution under gross disproportionality principle).

2. For the reasons expressed herein, Mr. Shatzer's claim of excessive punishment under the Eighth Amendment and due process violations in connection with his plea and sentence were adequately presented to the state court. However, on the merits Mr. Shatzer has failed to demonstrate violations of the U.S. Constitution.

3. For the foregoing reasons, the Petition for Habeas Corpus is DENIED and DISMISSED with prejudice.

4. The Clerk of Court shall enter a final judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because Mr. Shatzer has not "made a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2)[40] and any appeal would not be taken in good faith.[41] Any request for a Certificate of Appealability must be addressed to the Court of Appeals.[42]

DATED this 5th day of November, 2014.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[40] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)).

[41] *See* Fed. R. App. P. 24(a).

[42] Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.